UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RAYNALDO MARKEITH SAMPY JR**          **CASE NO. 6:24-CV-00147**

**VERSUS**                              **JUDGE DAVID C. JOSEPH**

**DOUGLAS SALOOM ET AL**                **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## REPORT AND RECOMMENDATION

Plaintiff, Raynaldo Sampy, filed this lawsuit (among others[1]) without the assistance of legal counsel and *in forma pauperis*. His complaint was screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether his claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. For the reasons explained below, the Court recommends that this lawsuit be dismissed for failure to state a claim upon which relief may be granted.

## Facts and Procedural History

Plaintiff's first suit in this Court was filed with counsel asserting claims under 42 U.S.C. §1983 and related claims arising out of an encounter with Lafayette Police officers at Sid's One Stop on May 5, 2018. *Sampy v. Rabb, et al*, U.S.D.C. Western District of Louisiana, Lafayette Division, Case No. 6:19-cv-00580 ("*Sampy I*"). That

---

[1] See also Cases No. 23-cv-00747; 24-cv-00146; and 24-cv-00169.

case proceeded to a jury trial and was closed following a verdict in December 2023. Nevertheless, Sampy, now proceeding *pro se*, filed this suit against Lafayette City Court Judge Douglas Saloom asserting §1983 claims based on Judge Saloom's finding Sampy guilty of battery of an officer and OWI. Plaintiff states Judge Saloom found him guilty on September 6, 2019. (Rec. Doc. 1). This Court understands from the allegations that said conviction underlies Plaintiff's claims in *Sampy I*. The Court must determine whether Plaintiff's claims are barred by Judge Saloom's absolute judicial immunity and by time limitations.

## Law and Analysis

### I.      Standards Applicable to *pro se* and *in forma pauperis* Litigants

Plaintiff is not represented by counsel. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed, but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss.

*Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). Furthermore, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff filed a motion for *in forma pauperis* status along with his complaint. An indigent person may bring an *in forma pauperis* action in federal court without paying costs. 28 U.S.C. § Section 1915(a)(1). District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A dismissal "at any time" includes dismissal at the initiation of the action before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits" and "spare[s] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324; 327 (1989). A court must not dismiss a complaint simply because the

facts presented by the plaintiff appear unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

District courts are vested with especially broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*, and dismissal is appropriate if a complaint has no "realistic chance of ultimate success" or is "clearly baseless." *Green v. McKaskle*, 788 F.2d at 1119-20; *Denton v. Hernandez*, 504 U.S. at 32. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Brewster v. Dretke*, 587 F.3d at 767. A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," while factually frivolous claims are those in which the facts alleged are clearly baseless, fanciful, fantastic, delusional, irrational, or wholly incredible. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Talib v. Gilley*, 138 F.3d at 213; *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff, and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

## II. <u>Whether Plaintiff's Complaint States a Claim.</u>

### A. <u>Judicial Immunity</u>

Because Plaintiff asserts claims against Judge Saloom arising out of his convicting Plaintiff, the Court must consider the absolute immunity afforded to judges:

> It is well established that judges enjoy absolute immunity for judicial acts performed in judicial proceedings. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction. This broad scope of immunity is afforded to judges for actions taken within their jurisdiction because their role in the judicial system requires that they enjoy freedom to determine the law unfettered by the threat of collateral attacks against the judge personally. Absolute judicial immunity is justified by the long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.

*Mays v. Sudderth*, 97 F.3d 107, 110–11 (5th Cir. 1996) (cleaned up).

By Plaintiff's own admissions in the complaint, Judge Saloom rendered his verdict as a judge in Lafayette City Court. The Court also takes judicial notice of the city court proceedings in *Sampy I* at Rec. Doc. 14-1 and 14-2. Hence, the Court finds that Judge Saloom is absolutely immune from this suit.

## B. Time-Barred Complaint

Because Plaintiff's claims are based on his September 2019 conviction, the Court must address time limitations. 42 U.S.C. §1983 does not contain a statute of limitations. Therefore, federal law looks to the applicable state law statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Specifically, the court is to apply the state's statute of limitations applicable to personal injury actions. *Id.*, citing *Owens v. Okure,* 488 U.S. 235, 249–250 (1989), and *Wilson v. Garcia,* 471 U.S. 261, 279–280 (1985). In Louisiana, the prescriptive period for personal injury actions is one year. La. C.C. art. 3492. However, the accrual date for a §1983 cause of action is governed by federal law, rather than state law. *Wallace,* 549 U.S. at 388. "Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Plaintiff alleges that Judge Saloom convicted him on September 6, 2019[2] (Rec. Doc. 1, p. 1) and that he denied Plaintiff's motion for new trial on September 6, 2022 (Rec. Doc. 1, p. 3). He filed this suit on February 1, 2024, well over one year after either date. His claims are time-barred on the face of the pleadings and should be dismissed. Accordingly, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may granted and should be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

---

[2] Although Plaintiff alleges he was convicted on September 6, 2022, court records show the trial occurred on September 4, 2022. See *Sampy I* Rec. Doc. 14-1.

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 8th day of February, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE